**Emily E. Warner, Defendant in Error, v. Charles Wadsworth, Plaintiff in Error.**

## Two Cases Consolidated for Hearing.

### Gen. Nos. 15,289 and 15,366.

LANDLORD AND TENANT—*effect of agreement for lease.* An agreement for a written lease not eventuating in a written lease does not establish a basis for the recovery of rent.

No. 15289. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed March 21, 1911.

No. 15366.   Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRYE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1909.   Reversed and remanded.   Opinion filed March 21, 1911.

FRANKLIN E. VAUGHAN, for plaintiff in error.

LOUIS A. HEILE, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Two cases were brought by the defendant in error to recover two installments of rent under the terms of a lease alleged to have been made, and were heard together in this court.

The sole question to be determined is whether the conversation between the parties constituted a verbal lease or a contract for a lease to be made thereafter.

Negotiations were begun October 5, 1908, when it appears that the defendant talked with the plaintiff by telephone, and arranged to look at a furnished flat which she had for rent in the Exmoor Apartment Building, in the city of Chicago.   On the following day he examined the flat, but no decision was made.   Later on he and his wife examined the apartment, and still later, the exact time being a matter of dispute between the parties, Wadsworth stated to Mrs. Warner that he would take the flat; that the price was to be $60 per month, $30 for the half month ending October 1st and $60 per month thereafter until the first of May following.   Nothing was said as to on what dates the rent should be paid.

Mrs. Warner testified: "He said, 'Have your son-in-law make out the lease;' that his place of business was in the First National Bank Building.   I said, 'My son-in-law is in that building too and can call you up.' Nothing was said about sending the leases down to his office except that.   He said, 'You can have your son-in-law make out the leases.'   There were to be leases; he was to have them signed; they were to be written

leases.  He said three times before and I said now, 'Mr. Wadsworth, is that definite?  Can I depend upon your word?'  He said, 'Certainly.'  He said nothing about giving me a check for the first month's rent; nothing was said about how the rent was to be paid, as to whether it was to be paid in check or not.  There was to be a written lease."

Plaintiff in error did not take possession of the flat, but after the conversation referred to informed Mrs. Warner that he had rented another flat.

We think it is only necessary to read the testimony of Mrs. Warner to come to the conclusion that she understood that a written lease, which should fully express the intention of the parties with respect to the amount to be paid, when same was to be paid, and possibly whether all or only a portion of her furniture, etc., was to be used by the lessee, should be prepared by her son-in-law and signed by Mr. Wadsworth and herself.

Our conclusion is that the conversation between the parties amounted to an agreement for a lease, and not to a lease *in præsenti.*

*Reversed and remanded.*